UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MIKE D. KNOBLOCK,

    Plaintiff,

vs.                                           Case No.  8:14-cv-00646-MCR

CAROLYN W. COLVIN, Commissioner of
the Social Security Administration,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for Disability Insurance Benefits ("DIB"), Social Security disability insurance ("SSDI") benefits, and Supplemental Security Income ("SSI").  Plaintiff protectively filed applications for a Period of Disability, DIB, and SSI on December 29, 2010. (Tr. 82-83, 165-67, 170-76.)  In these applications, the claimant alleged disability beginning on December 1, 2010.  (*Id*.)  These claims were denied initially and upon reconsideration.  (Tr. 94-101, 104-09.) Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ") and on November 7, 2012, received his hearing.  (Tr. 36-81, 112-13.)   On January 10, 2013, the ALJ issued a decision finding Plaintiff was not disabled.  (Tr. 15-30.)  Plaintiff requested review by the Appeals Council and was denied. (Tr. 1-2, 7-

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 16).

11.)  The Court has reviewed the record, the briefs and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **REVERSED and REMANDED.**

I.     Standard of Review

The scope of review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings are supported by substantial evidence.  *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as a finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  If the ALJ fails to apply the correct law or provide the Court with sufficient reasoning for determining that the proper legal analysis was conducted, then the Court must reverse.  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir.2007).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th


Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings)

## II.    Discussion

Plaintiff raises four issues on appeal. Plaintiff alleges that: (1) despite according "significant weight" to the opinion of Plaintiff's examining physician Dr. Daniel Van Ingen, the ALJ failed to incorporate his opinion or to explain why any portion was rejected; (2) the ALJ committed reversible error in failing to set forth the requisite good cause for rejecting the opinion of Plaintiff's treating physician Dr. Henry Ehrlich; (3) the hypothetical posed to the vocational expert ("VE") failed to include all of Plaintiff's limitations; and (4) the ALJ committed reversible error by failing to provide specific reasons for her rejection of Mr. Knoblock's statements and those of his mother regarding the side effects of his medication.

### A.    The ALJ's decision

When the ALJ made her disability determination, she followed a five-step evaluation process: (1) whether Plaintiff is currently performing substantial gainful activity; (2) whether Plaintiff has a severe impairment; (3) whether the severe impairment meets or exceeds an impairment in the listings; (4) whether the Plaintiff can perform his past relevant work; and (5) whether Plaintiff can perform other jobs that exist in the national economy. *See Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136–37 (11th Cir. 2009) (per curiam) (citations omitted).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 1, 2010. (Tr. 20.) At step two, the ALJ further found that Plaintiff "has the following severe impairments: major depressive disorder; mood disorder, NOS; borderline intellectual functioning, provisional; history of athsma; lower back pain; and bipolar disorder." (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404 Subpart P, Appendix 1. (Tr. 20-21.)

Before her analysis regarding whether Plaintiff could perform past relevant work, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). (Tr. 22.) The ALJ further found Plaintiff limited to understanding, remembering and carrying out unskilled work or tasks and to employment with occasional and routine supervision by supervisors. (*Id.*)

In making her RFC finding, the ALJ accorded "significant weight" to the opinion of Dr. Van Ingen. (Tr. 27.) Dr. Van Ingen diagnosed Plaintiff with mood disorder, borderline intellectual functioning, back problems and asthma. (Tr. 417.) According to Dr. Van Ingen, Plaintiff "appears to be capable of following and understanding simple instructions and directions," but would need "structure to maintain a regular schedule," and "appears to have difficulty learning new tasks." (*Id.*) Dr. Van Ingen also opined that Plaintiff was limited "in his ability to

maintain attention and concentration for tasks." (*Id.*)

The ALJ also accorded "significant weight" to the opinion of Dr. Thomas Conger in making her RFC assessment. (Tr. 27.) On his mental RFC assessment, Dr. Conger found that Plaintiff is moderately restricted in his ability to maintain attention and concentration for extended periods, to complete a normal workday and workweek without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 380-81.) Dr. Conger also found Plaintiff was moderately limited by his difficulties in maintaining concentration, persistence, or pace. (Tr. 394.) The ALJ further noted that Dr. Dorothy Holmes affirmed Dr. Conger's opinion. (Tr. 27.)

At the hearing, the ALJ posed two hypotheticals to the VE. (Tr. 73-75.) In her first hypothetical, the ALJ adopted the restrictions reflected in her RFC assessment. (Tr. 73.) In response, the VE concluded that such a hypothetical individual would not be able to do the past work of Plaintiff but would be able to work as an industrial cleaner, a bagger, or a dining room attendant. (Tr. 74.) Based on these findings, the ALJ found that Plaintiff was not disabled. (Tr. 29.)

**B.    Analysis**

Plaintiff initially alleges that, despite according "significant weight" to the opinion of Dr. Van Ingen, the ALJ failed to include all of the limitations found by Dr. Van Ingen in Plaintiff's RFC and failed to provide any reasons for rejecting

any part of Dr. Van Ingen's limitations as required.  (Doc. 21 at 11.)  The undersigned agrees.

The ALJ's RFC determination does not need to include or account for every limitation contained in a medical opinion. *See, e.g.,* 20 C.F.R. 404.1527(e)(2)(i) ("Administrative law judges are not bound by any findings made by State agency medical or psychological consultants"); *see also Vermillion v. Comm'r of Social Sec.*, No. 6:12–cv–1572–Orl–GJK., 2014 WL 906119 at *3 (M.D. Fla. March 7, 2014) ("It is axiomatic that the ALJ's RFC determination does not have to include or account for every limitation contained in a medical opinion").  However, "[t]he ALJ is required to provide a reasoned explanation as to why he chose not to include a particular limitation in his RFC determination." *Krauss v. Comm'r of Social Sec.*, No. 6:13–cv–640–Orl–GJK., 2014 WL 4639143, *3 (M.D. Fla. Sept. 16, 2014) (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011)) and *Monte v. Astrue*, Case No. 5:08–cv–101–Oc–GRJ, 2009 WL 210720 at *6–7 (M.D. Fla. Jan.28, 2009)).  For this reason, reversal is required where an ALJ fails to sufficiently articulate the reasons supporting his decision to reject portions of a medical opinion while accepting others.  *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012) (finding the ALJ failed to sufficiently articulate the reasons supporting his decision to reject consultative examining physician's opinion that plaintiff's impairments could limit the use of upper body movements and

coordinated activities with the hands).

Here, the ALJ accorded "significant weight" to the opinions of Drs. Van Ingen and Conger.  Based on these opinions, the ALJ found in her RFC assessment that "the [Plaintiff] is limited to understanding, remembering, and carrying out unskilled work or tasks[,] and the [Plaintiff] should have occasional and routine supervision."  (Tr. 22.)  Despite according "significant weight" to Dr. Van Ingen's April 26, 2011 consultative examination report, the ALJ's RFC finding does not incorporate the limitations found by Dr. Van Ingen - - that Plaintiff is limited in maintaining attention and concentration for tasks, needs structure to maintain a regular schedule, and has difficulty learning new tasks. Further, the ALJ failed to articulate any reasons supporting her decision to exclude these limitations from her RFC finding. Thus, the ALJ's decision did not sufficiently explain why these limitations were not included in her RFC finding.  *See, e.g., Monte*, 2009 WL 210720 at *6–7 (finding reversible error where the ALJ failed to explain why he excluded a nonexamining state agency psychiatrist's opinion that plaintiff was moderately impaired in his ability to maintain attention and concentration for extended periods of time, complete a normal workday without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods after expressly giving it significant weight).

The Commissioner's argument that the ALJ's discussion of her RFC finding

implicitly explained why these limitations were not included in Plaintiff's RFC is unpersuasive. The Commissioner urges the Court to interpret the ALJ's discussion of Plaintiff's social life, daily activities, and work history as providing at least "some measure of clarity" with regards to the ALJ's reasons for discounting parts of Dr. Van Ingen's opinion. (Doc. 22 at 6-9.)

However, in the absence of an explanation for reasons for excluding these limitations, the Court may not draw inferences from the ALJ's discussion to find clarity.[2] *See Monte*, 2009 WL 210720 at *6 ("In the absence of any mention of the limitations in the ALJ's written decision, the Court may not draw [] inference[s] [with respect to the ALJ's exclusion of limitations]."); *see also Alexander v. Comm'r of Social Sec.*, No. 8:13–cv–1602–T–GJK, 2014 WL 4211311, *3 (M.D. Fla. Aug. 26, 2014) ("The ALJ, however, is required to provide a reasoned explanation as to why he or she chose not to include a particular limitation"). The ALJ failed to provide this explanation. Therefore, reversal is required because the ALJ failed to sufficiently articulate her reasons for rejecting portions of Dr. Van Ingen's opinion while accepting others. *Kahle*, 845 F. Supp. 2d at 1272

---

[2] The Court notes that the ALJ's error in failing to explain the exclusion of limitations found by Dr. Van Ingen in her RFC finding is further compounded by her failure to clearly articulate the reasons for excluding the portion of Dr. Conger's opinions that addressed Plaintiff's limitations in his ability to maintain attention and concentration for extended periods, his ability to complete a workday and workweek without interruptions from psychologically based symptoms, and his ability to perform at a consistent pace without an unreasonable number and length of rest periods, despite giving Dr. Conger significant weight.

("[R]eversal is required where an ALJ fails to sufficiently articulate the reasons supporting his decision to reject portions of a medical opinion while accepting others.").

In light of the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence. *Krauss*, 2014 WL 4639143, at *3. This issue is dispositive and, therefore, there is no need to address Plaintiff's remaining arguments. *See Alexander*, 2014 WL 4211311 at *3 (citing *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (stating that on remand the ALJ must reassess the entire record)).

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** for further proceedings.

2. The Clerk of Court is directed to enter a judgment consistent with this Order and close the file.

3. Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b). Plaintiff's attorney shall file such a petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees. *See* In re: *Procedures*

for Apply for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1381(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012).  This order does not extend the time limits for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

      **DONE** and **ORDERED** at Jacksonville, Florida, on August 11, 2015.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record